# EXHIBIT 1

IN THE CHANCERY COURT OF HAMILTON COUNTY
STATE OF TENNESSEE

| | | |
|---|---|---|
| SHADDAE D. FRANKLIN, | ) | |
| | ) | |
| Plaintiff, | ) | Civil Action No: 20-0547 |
| | ) | |
| v. | ) | |
| | ) | |
| AMAZON.COM SERVICES, LLC, | ) | (Jury Trial Requested) |
| | ) | |
| Defendant. | ) | |

## COMPLAINT

Plaintiff, Franklin, hereby sues Defendant, Amazon. For her causes of action, Plaintiff states as follows:

### PARTIES

1. Plaintiff is an adult citizen and resident of Hamilton County, Tennessee. At times relevant to this Complaint, Plaintiff was employed by Defendant as a picker.

2. Defendant is a Delaware corporation with its principal office in Seattle, Washington 98109-5210. Its registered agent Corporation Service Company is located at 2908 Poston Avenue, Nashville, TN 37203-1312. Defendant conducted business in Hamilton County, Tennessee, at times relevant to this Complaint.

### JURISDICTION AND VENUE

3. Jurisdiction and venue are proper in this Court because a substantial part of the events or omissions giving rise to the claims involved in this action occurred in Hamilton County, Tennessee.

2020 AUG 13 PM 3: 25

FILED
HAMILTON CO CLERK & MASTER

## FACTUAL ALLEGATIONS

4. Amazon operates a Fulfillment Center at 7200 Discovery Drive, Chattanooga, Tennessee 37421.

5. Franklin worked for Amazon as a picker from 2017 until August 18, 2019.

6. Upon information and belief, Amazon assesses its pickers by their ability to move packages at a certain rate.

7. In January of 2019, Albert Gilbert, employed by Amazon as a janitor, began making unwanted sexual comments towards Franklin. Gilbert followed Franklin around, and asked Franklin to, among other things, "play on [his] playground," "slide down [his] slide," and "swing on [his] rope," while making thrusting gestures with his hips.

8. Franklin repeatedly told Gilbert that his comments were unwelcome and tried to avoid being near him when he ignored her protests.

9. Franklin suffers from asthma and hypertension. After Gilbert's unwanted advances began, Franklin's asthma and hypertension began to worsen.

10. On March 7, 2019, Franklin's primary care physician informed her that her worsening health was likely due to her working conditions.

11. On April 6, 2019, Franklin reported Gilbert's repeated unwanted advances to Amazon via a formal written complaint.

12. On April 12, 2019, Franklin began intermittent FMLA leave for her asthma and hypertension.

13. In May of 2019, having received no follow-up from Amazon concerning her reports of sexual harassment, Franklin began requesting a response from Amazon.

14. On August 10, 2019, Franklin contacted Amazon's Employee Resource Center to inquire into the status of her harassment complaint. At this time, the ERC claimed not to possess Franklin's complaint.

15. On August 15, 2019, Franklin contacted Amazon's HR Department to discuss the issues with her harassment complaint, and to turn in FMLA accommodation paperwork related to her asthma and hypertension. At this time, Franklin was informed by Amazon that she would be contacted on August 19, 2019, concerning her complaint.

16. On August 18, 2019, Franklin was terminated. Amazon claimed that the reason for Franklin's termination was her failure to satisfy her "rate." In this same meeting, Amazon produced a copy of Franklin's initial complaint regarding Gilbert's sexual harassment.

17. On information and belief, other pickers have failed to make their "rate," but were not terminated.

18. On information and belief, Franklin's intermittent FMLA leave was counted against her rate.

19. On August 25, 2019, Franklin sent a form to Amazon appealing her termination.

20. On August 27, 2019, Amazon claimed that they had not received Franklin's appeal form. Franklin's appeal was not granted.

## VIOLATION OF THE FAMILY MEDICAL LEAVE ACT

21. At all times relevant to this complaint, Franklin was an employee of Amazon within the meaning of the FMLA, 29 U.S.C. §§ 2601 *et seq*.

22. At all times relevant to this complaint, Franklin was an eligible employee under the FMLA, 29 U.S.C. §§ 2601 *et seq*. She had been employed by Amazon for at least twelve

months and had worked at least 1,250 hours during the twelve-month period preceding his need for leave.

23. At all times relevant to this complaint, Amazon was subject to the provisions of the FMLA, 29 U.S.C. §§ 2601 *et seq.* Amazon engaged in commerce or in an industry or activity affecting commerce; Amazon employed 50 or more employees for each working day during each of 20 or more calendar workweeks in the current or preceding calendar year; Amazon employed these 50 employees within 75 miles of the worksite.

24. The FMLA, 29 U.S.C. §§ 2601 *et seq.*, provides an employee with the right to take up to 12 weeks of medical leave in order to address the serious illness of the employee or a family member of the employee. The FMLA prohibits retaliation against an employee for exercising, or attempting to exercise, any rights under the FMLA.

25. Amazon violated the FMLA by retaliating against Franklin for requesting, applying for, and/or taking medical leave.

## VIOLATION OF THE TENNESSEE HUMAN RIGHTS ACT

26. The THRA, T.C.A. §§ 4-21-401, *et seq.*, prohibits employers from discharging any person, or otherwise discriminating against an individual with respect to compensation, terms, conditions, or privileges of employment, because of such individual's sex.

27. Amazon violated the THRA by discriminating against, and creating a hostile work environment for, Franklin on account of her sex in violation of T.C.A. §§ 4-21-401, *et seq.*

28. Amazon violated the THRA by retaliating against Franklin for engaging in protected conduct, reporting sexual harassment, in violation of T.C.A. §§ 4-21-401, *et seq.*

29. At all relevant times, Amazon employed over 8 employees.

30. At all relevant times, Franklin was qualified for her position with Amazon.

## DAMAGES

31. As a result of the above-mentioned illegal actions of Amazon, Franklin has suffered damages including, but not limited to, past, present, and future lost wages and benefits, emotional pain, suffering, professional and personal embarrassment, humiliation, loss of enjoyment of life, and inconvenience.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully prays for the Court to enter an order:

a. Adjudicating and declaring Defendant's conduct as set forth above to be a violation of the FMLA;

b. Adjudicating and declaring Defendant's conduct as set forth above to be a violation of the THRA;

c. Adjudicating and declaring that Plaintiff is entitled to compensatory damages in an amount to be determined by the jury;

d. Awarding Plaintiff liquidated or punitive damages, as available;

e. Awarding Plaintiff reasonable attorneys' fees and all costs of this action, and other discretionary costs allowed by law;

f. For all additional general and equitable relief which is just and proper.

## JURY DEMAND

Plaintiff hereby demands a trial by jury of all issues triable by jury.

Respectfully submitted,

**MASSEY & ASSOCIATES, P.C.**

By: _/s/ Baker Gerwig (by Ethan Hargraves with permission)_
W Baker Gerwig IV; BPR No.: 037736
Attorney for Plaintiff
6400 Lee Highway, Suite 101
Chattanooga, TN 37421
baker@masseyattorneys.com
(P): 423.697.4529
(F): 423.634.8886